# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RICHARD HERSHEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:20-cv-04239-MDH |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Dr. Mun Choi, Dr. Alexander Cartwright, Julia G. Brncic, Darryl M. Chatman, Maurice B. Graham, Jeffrey L. Layman, Greg E. Hoberock, Phillip H. Snowden, David L. Steelman, Robin R. Wenneker, Michael A. Williams, Nancy Monteer, Dr. Mohammed Dehghani, Sergeant Mark Ritter, Dr. Kristin Sobolik, Dorian Hall, and Nicole Beaumonte's (collectively, "Defendants'") Motion for Summary Judgment. Plaintiff responded and Defendants replied. The Court has considered all briefing. For reasons herein, Defendants' Motion is **GRANTED**. Summary judgment is entered in favor of defendants.

## BACKGROUND

Plaintiff is a vegetarian activist who, beginning in 2007, has regularly distributed literature in support of vegetarian and vegan lifestyles on college campuses around the country, including on the University of Missouri campuses in Columbia, St. Louis, and Rolla. Plaintiff filed his Third Amended Complaint in May 2022, alleging violations of the First Amendment of the United States Constitution. Plaintiff's Third Amended Compliant alleges two counts of First Amendment

1

violations, both brought under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Regulation 110.010 of the University of Missouri system violates the First Amendment by restricting Plaintiff's free speech in various unlawful ways. The relevant part of the regulation, which applies to all campuses within the University of Missouri system, reads as follows.

> **B. General Regulations**
>
> 1. **Written Permission of the Chancellor** -- University buildings and grounds are intended for use by students, faculty and staff in support of the University's mission of research, instruction and extension. University buildings and grounds may not be used by individuals, groups or organizations not connected with the University except by written permission of the Chancellor and then, only in accordance with University rules and regulations. Where regulations require direction of the Chancellor, said regulations may be administered by Chancellors's designee(s).
>
> 2. **Permits** -- Written permits for the temporary use of University grounds, buildings or rooms therein for any purpose other than regularly scheduled classroom work must be secured in advance from the Chancellor.
>
> **E. Use by Non-Student Individuals and Groups**
>
> 1. In addition to the general rules and procedures specified above, the following rules apply to use of University facilities by non-student individuals and non-student groups; but this section of the regulations does not apply to official University public functions.
> 2. Persons who are not students or employees of the University, while on University property, are required to abide by University policies and regulations.
> 3. Persons who are not current students or employees of the University and who are on University property without specific permission or authorization or without an appropriate purpose may be deemed guilty of trespass. A person shall be deemed to be on University property "without specific permission or authorization" from and after such time as they are requested to leave the property. A person shall be deemed to be on University property "without an appropriate purpose" whenever their presence is not reasonably related to the University's educational function, or an approved University related extracurricular activity.

Plaintiff argues Regulation 110.010 is unconstitutional because the Regulation, *inter alia*, imposes a prior restraint by requiring permission from the Chancellor to use university grounds and grants unfettered decision making power to the Chancellor. In support, Plaintiff references four specific instances in which Plaintiff has interacted with university police officers and other personnel at University of Missouri campuses in Columbia, Rolla, and St. Louis. Plaintiff alleges that these four instances reflect enforcement of Regulation 110.010. This Court will discuss each of these instances in turn.

**December 5, 2018**

The first incident occurred on December 5, 2018, when Plaintiff was distributing literature outside a dining hall on the campus of the University of Missouri at Columbia. While distributing literature, Plaintiff made contact with Defendant Nancy Monteer, director of dining at the University of Missouri-Columbia. Defendant Monteer claimed that she asked Plaintiff to take several steps away from the dining hall, so to avoid blocking students entering and exiting. After a verbal exchange, Defendant Monteer claims, Plaintiff struck Defendant Monteer in the shoulder with Plaintiff's arm and hand. Plaintiff disputes this description and instead characterizes his own actions as defensive, but acknowledges that he made contact with Defendant Monteer's "winter coat." (Doc. 116 at ¶¶ 8, 10). Regardless, Plaintiff was handcuffed, detained for several hours, and eventually charged with municipal-level assault for his interaction with Defendant Monteer. The municipal assault charge eventually went to trial, where Plaintiff was found guilty and received a suspended imposition of sentence with various conditions. Plaintiff generally claims that this conviction was wrongful, premised on false allegations from Defendant Monteer, who objected to Plaintiff distributing literature. Defendant Monteer maintains that she felt indifferent toward Plaintiff's literature distribution, but simply wanted Plaintiff to step away from the dining hall

doorways to ensure easy entrance and exit into and from the building. Following the interaction with Defendant Monteer, university police officers issued Plaintiff a "verbal trespass warning for one year". (Doc. 128 at ¶ 4). Plaintiff claims this trespass warning was "based on Monteer's false and malicious allegations and her request to ban [Plaintiff]." (Doc. 87 at ¶ 88). Plaintiff requested a written copy of any "trespass warning" issued against him, but police declined to give anything beyond a verbal warning. Throughout Plaintiff's interaction with Defendant Monteer and campus law enforcement, there is no evidence anyone cited or referenced in any way Regulation 110.010 or any other campus policy.

**May 7, 2021**

The next incident occurred May 7, 2021. At that time, Plaintiff was distributing pamphlets on the campus of University of Missouri at Rolla, otherwise known as Missouri University of Science and Technology ("Missouri S&T"), when he was approached by Defendant Mark Ritter, a sergeant with the Missouri S&T Police Department. In an exchange captured on body-worn camera, Defendant Ritter repeatedly told Plaintiff that the campus was private property and that Plaintiff was prohibited from distributing literature on the campus. Plaintiff verbally disagreed with Defendant Ritter and continued distributing literature to passersby. Approximately eight minutes after the interaction between Plaintiff and Defendant Ritter began, the Missouri S&T police chief, not a defendant here, approached Plaintiff and Defendant Ritter. After briefly looking at Plaintiff's pamphlets and asking Defendant Ritter about the nature of his interaction with Plaintiff, the police chief informed Defendant Ritter and Plaintiff that there was no problem with Plaintiff's distribution of literature. The exchange then ended and Plaintiff continued distributing literature without disruption from police. When Plaintiff eventually left campus several hours later, he did so on his own accord. Officers did not physically remove Plaintiff from campus, issue a

verbal or written trespass warning, or otherwise impede Plaintiff from distributing his literature. Throughout Plaintiff's interactions with officers on the Missouri S&T campus, there is no evidence that officers ever cited or referenced in any way Regulation 110.010. Plaintiff has returned to the Missouri S&T campus various times since this interaction to conduct further leafletting.

**August 23, 2021**

The next incident occurred August 23, 2021 on the University of Missouri at St. Louis ("UMSL") campus. Plaintiff was distributing literature near UMSL's student center. Plaintiff was approached by a university employee, who was also possibly a student, and a university police officer. The employee "demanded that Plaintiff move farther from the door and said something about Plaintiff making things difficult." (Doc. 116 at ¶ 55). The record lacks any evidence suggesting Plaintiff changed his physical position in response to the interaction with the employee. This initial interaction with the employee and police lasted no more than a few minutes. Roughly twenty minutes after this exchange, Plaintiff observed a group of four unidentified people wearing shirts with the UMSL logo taking measurements of the area around where Plaintiff was distributing literature. One of these people informed Plaintiff that "the director of the Millennium Center wants us to do this." (Doc. 116 at ¶ 50). The same person informed Plaintiff that the director of the Millennium Center was named Dorian Hall. Defendants maintain that Defendant Hall was out of the office on August 23, 2021. Plaintiff did not personally observe or interact with Defendant Hall on this occasion. At no time did anyone ask or demand that Plaintiff cease distributing his literature nor was Plaintiff asked to leave campus. The record lacks any evidence whatsoever suggesting Plaintiff was issued a verbal or written trespass warning or otherwise threatened with civil or criminal prosecution for any alleged trespass. Plaintiff left campus several hours later on his own accord. Plaintiff has returned to the UMSL campus for additional leafletting several times

5

following this exchange. At no time on August 23, 2021 did Defendant Hall or any other UMSL employee mention to Plaintiff Regulation 110.010.

**December 1, 2021**

The final incident occurred December 1, 2021 at the University of Missouri-Columbia campus. After several hours of leafletting, Plaintiff approached Defendant Nicole Beaumonte, an executive assistant in the University's Operations Department. Plaintiff then offered Beaumonte a pamphlet, though she declined. Plaintiff claims that Defendant Beaumonte then commanded Plaintiff to go to an area of campus called "Speakers' Circle." Defendants maintain Beaumonte simply asked Plaintiff whether he should be in Speakers' Circle. Regardless, Plaintiff declined to move, Defendant Beaumonte then called university police. On the phone with police, Defendant Beaumonte stated Plaintiff had been very rude to her and expressed concern that Defendant may be rude or confrontational toward students. Police informed Defendant Beaumonte that Plaintiff was not required to go to Speakers' Circle, to which Beaumonte responded, "I don't care." The entire exchange between Plaintiff and Defendant Beaumonte lasted less than one minute. After the call to police, Officer Tucker, not a defendant listed in the Third Amended Complaint, responded to Plaintiff's location and informed him of the phone call from Defendant Beaumonte. Officer Tucker reassured Plaintiff that he did not need to relocate to Speakers' Circle and told Plaintiff to remain polite. Plaintiff was not removed from campus nor was Plaintiff issued any type of warning for trespass or any other matter. Rather, Plaintiff continued leafletting for several more hours, eventually leaving campus on his own accord. During his interactions with Defendant Beaumonte and Officer Tucker, no one referenced Regulation 110.010. Since December 1, 2021, Plaintiff has returned to the University of Missouri-Columbia campus various times for additional leafletting.

This Court has previously dismissed various counts against several defendants originally named in Plaintiff's first Complaint. In his Third Amended Complaint, filed after this Court's most recent dismissal order (Doc. 78), Plaintiff seeks the following relief from the following defendants under Count One:

- Prospective injunctive and declaratory relief against all defendants listed in the Third Amended Complaint in their official capacities alone: Defendants Choi, Cartwright, Brncic, Chatman, Graham, Layman, Hoberock, Snowden, Steelman, Wenneker, Williams, Monteer, Dehghani, Ritter, Sobolik, Hall and Beaumonte.
- Compensatory damages against Defendants Monteer, Ritter, Hall and Beaumonte in their individual capacities.

Under Count Two, which makes reference to each of the abovementioned events, but specifically emphasizes the December 1, 2021 events, Plaintiff seeks the following relief:

- Prospective injunctive and declaratory relief against all defendants listed in the Third Amended Complaint in their official capacities alone: Defendants Choi, Cartwright, Brncic, Chatman, Graham, Layman, Hoberock, Snowden, Steelman, Wenneker, Williams, Monteer, Dehghani, Ritter, Sobolik, Hall and Beaumonte.
- Compensatory damages against Defendant Beaumonte in her individual capacity.

Plaintiff also seeks costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 from all Defendants. Apart from those individually named defendants with whom Plaintiff has had direct interaction (i.e. Monteer, Ritter, Hall, and Beaumonte), other defendants listed consist of the president of the University of Missouri system, the chancellors of each university at which one of the abovementioned incidents occurred, and the members of the University of Missouri Board of

7

Case 2:20-cv-04239-MDH   Document 129   Filed 08/24/23   Page 7 of 15

Curators. Though Plaintiff acknowledges he lacks direct contact with these administrators, Plaintiff alleges these individuals had responsibility for the adoption and/or maintenance of Regulation 110.010.

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc*., 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ARGUMENT

**I. Facial vs. As-Applied Challenge to Regulation 110.010**

As an initial matter, this Court must identify whether Plaintiff has alleged a facial challenge, as-applied challenge, or both. Plaintiff argues that Defendants' Motion for Summary Judgment fails in part because Defendants failed to address Plaintiff's facial attack of Regulation

8

110.010. Defendants respond, arguing that Plaintiff failed to assert any facial challenge to the Regulation and, even if he did, such a claim fails as a matter of law.

Facial challenges are strongly disfavored by courts because they increase risk of "'premature interpretation of statutes on the basis of factually barebones records.'" *Phelps-Roper v. City of Manchester, Mo.*, 697 F.3d 678, 685 (8th Cir. 2012) citing *Wash. State Grange v. Wash. State Republican Party et al.,* 552 U.S. 442, 450 (2008). A successful facial challenge to a policy requires plaintiffs show "that no set of circumstances exists under which [the policy] would be valid" or that the policy lacks any "plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 472 (2010) (internal citations omitted). A facial challenge may also attack a policy for being overbroad if, "'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017) citing *Stevens* at 473. "The facial overbreadth doctrine 'is a departure from traditional rules of standing,' such that a party whose own expressive conduct may be unprotected is allowed to assert the First Amendment rights of others not before the court…" *Republican Party of Minn., Third Cong. Dist. v. Klobuchar*, 381 F.3d 785, 792 (8th Cir. 2004) citing *Alexander v. United States,* 509 U.S. 544, 555 (1993). The Eighth Circuit has also established that, "it is inappropriate to entertain a facial overbreadth challenge when the plaintiff fails to adduce any evidence that third parties will be affected in any manner differently from herself." *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017).

Plaintiff's Third Amended Complaint brings only as-applied challenges. First, the Third Amended Complaint fails to explicitly state that it seeks to challenge Regulation 110.010 on a facial basis. The word "facial" appears nowhere in Plaintiff's Third Amended Complaint. The first

9

time Plaintiff references a facial claim appears to be his response in opposition to Defendants' Motion for Summary Judgment. Second, the clear focus of both Counts One and Two of the Third Amended Complaint are the various instances in which Plaintiff himself has interacted with University of Missouri law enforcement and employees. Specific allegations within each count repeatedly emphasize various ways in which Regulation 110.010 violates *Plaintiff's* First Amendment rights. Plaintiff and his rights are the clear focal points of Counts One and Two. *See Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005) (complaint fails to allege facial challenges when allegations dwell almost exclusively on plaintiff's prior interactions with defendants). Third, Plaintiff makes no allegations in the Third Amended Complaint suggesting someone other than Plaintiff himself has suffered First Amendment violations due to Regulation 110.010 and its alleged enforcement. Nor does Plaintiff allege overbreadth. Plaintiff does not allege that Regulation 110.010 is entirely unlawful, no matter how and to whom applied. Rather, Plaintiff makes clear Defendants' alleged application of Regulation 110.010 to Plaintiff himself is unlawful. Taken together, the specific allegations within the Third Amended Complaint make clear Plaintiff has lodged an as-applied challenge alone. Plaintiff may not argue for the first time at the summary judgment stage that he has facially challenged Regulation 110.010, when the Third Amended Complaint altogether lacks allegations that would give rise to such a claim.

**II. Plaintiff Lacks Standing to bring As-Applied Challenge to Regulation 110.010**

The Constitution of the United States limits this Court's jurisdiction to deciding "cases" and "controversies" between parties. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). For a dispute to qualify as a justiciable case or controversy under the Constitution, plaintiffs must have

standing to bring their claims. *Id*. at 560. Standing requires plaintiffs suffer an injury-in-fact that is fairly traceable to the actions of the defendant and likely to be redressed by the Court's favorable decision. *Id*. at 560-61. The Supreme Court has held that injury-in-fact, in turn, is "an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 560 (citations omitted). The injury-in-fact requirement allows courts to avoid becoming involved in disputes of a political nature, unnecessarily injecting the judicial branch into politicized controversies. "Federal courts sit solely to decide on the rights of individuals…and must…refrai[n] from passing upon the constitutionality of an act…unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it." *Hein v. Freedom From Religion Found*., Inc., 551 U.S. 587, 598–99 (2007) (citations omitted). An injury-in-fact is "fairly traceable" to a challenged policy or statute when there is a causal link between the policy and the injury. *Alexis Bailly Vineyard, Inc. v. Harrington*, 931 F.3d 774, 779 (8th Cir. 2019). In the context of First Amendment as-applied challenges to university policy, the Eighth Circuit recently held, "a plaintiff does not have standing to challenge a policy that was not applied to it." *Young Am.'s Found. v. Kaler*, 14 F.4th 879, 888 (8th Cir. 2021) (citations omitted).[1] *See also Phelps-Roper v. Ricketts*, 867 F.3d 883, 896 (8th Cir. 2017) (plaintiffs "generally cannot prevail on an *as-applied* challenge without showing that the law has in fact been ... unconstitutionally *applied* to [them]) (internal citations omitted).

---

[1] Plaintiff does not appear to contest the holding in *Kaler*. Rather, Plaintiff argues that *Kaler* is inapposite because the Eighth Circuit found in *Kaler*: 1) the record lacked evidence that the challenged policy was ever applied to the plaintiff; and 2) the plaintiff's facial claims to be moot. Contrary to Plaintiff's claims, however, *Kaler* remains instructive, as this Court has found Plaintiff has brought only as-applied challenges to Regulation 110.010 and, as described more fully below, Plaintiff has failed to show defendants ever applied Regulation 110.010 to Plaintiff.

The record lacks evidence showing Defendants or anyone else applied Regulation 110.010 to Plaintiff. Regulation 110.010(B)(1) provides that any non-university affiliate must get written permission from the chancellor or his or her designees before using university facilities and grounds. Similarly, Regulation 110.010(E)(3) indicates people on campus "without specific permission or authorization or without an appropriate purpose may be deemed guilty of trespass." Defendants made no verbal or written reference to Regulation 110.010 when interacting with Plaintiff. Nor did Defendants ever issue a formal or informal citation pursuant to Regulation 110.010. No evidence suggests Defendants instructed Plaintiff to leave campus and/or deemed Plaintiff to be trespassing because he failed to obtain permission to distribute his pamphlets. In fact, evidence seems to suggest the opposite: Plaintiff remained on campus after interacting with Defendants and continued distributing his pamphlets without Defendants or anyone else deeming Plaintiff to be trespassing. For Plaintiff to show Defendants somehow applied Regulation 110.010 to him, the record must include some evidence that, at a minimum, Defendants generally followed the procedure or invoked the punishment identified by the regulation once Defendant was determined to be in violation of the Regulation. Without such evidence or a specific reference to the regulation or policy in question, there can be no certainty Plaintiff's conduct even implicated the challenged policy.

It is worth noting the parties agree that after the 2018 incident police issued Plaintiff a verbal warning, which banned Plaintiff from entering onto campus for a full year under threat of prosecution for trespass. The parties also agree Plaintiff asked for a written copy of this trespass warning and that unnamed University of Missouri-Columbia police officers declined to provide any such confirmation, instead relying on the verbal warning. Defendants contend this ban was

specifically in response to Plaintiff's physical interaction with Defendant Monteer, which eventually led to a judge finding Plaintiff guilty of assault.

Being deemed guilty of trespass is the punishment contemplated by Regulation 110.010(E)(3). Plaintiff, however, offers no evidence this trespass warning came as a result of any alleged violation of Regulation 110.010 stemming from leafletting on December 5, 2018. Rather, Plaintiff claims in vague terms that Defendant Monteer's "false and malicious allegations and her request to ban [Plaintiff]" caused university police to ban Plaintiff "from the University for one year under threat of arrest." (Doc. 87 at ¶ 88). In Plaintiff's view, as this Court understands it, Defendant Monteer disliked Plaintiff's leafletting and concocted a narrative in which Plaintiff assaulted Defendant Monteer. Defendant Monteer, according to Plaintiff, then used the false assault allegations to prosecute Plaintiff and get University police to ban Plaintiff from campus under the threat of trespass prosecution.

As a matter of law, Plaintiff is estopped from challenging via § 1983 the assault charge of which he was found guilty as well as Defendant Monteer's allegations that led to Plaintiff's physical ban from campus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (district courts must dismiss § 1983 allegations where "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" when prior conviction remains valid). Plaintiff's own allegations make clear that it would be functionally impossible to distinguish, on one hand, a challenge to the basis for the verbal trespass warning, from, on the other, a challenge to the basis for the assault finding of guilt. Put differently, if Plaintiff were to relitigate whether police issued the verbal trespass warning based on a Regulation 110.010 violation rather than Plaintiff making physical contact with Defendant Monteer, this would cause the same effect as challenging via §

1983 the underlying probable cause for the assault charge. The record lacks any evidence suggesting Plaintiff's finding of guilt has somehow been invalidated.

Whether Plaintiff's prior finding of guilt for the assault charge constitutes conviction for purposes of federal law is a question of federal rather than Missouri law. *Wilson v. Lawrence Cnty., Mo.*, 154 F.3d 757, 760 (8th Cir. 1998); *Jackson Cnty. Pub. Water Supply Dist. No. 12 v. City of Greenwood, Missouri*, No. 07-251-CV-W-DW, 2008 WL 11429521, at *3 (W.D. Mo. Oct. 2, 2008). This Court has previously found a Missouri suspended imposition of sentence to constitute conviction for purposes of *Heck*. *Jackson Cnty.* at 3. To the extent parties disagree about whether police issued the 2018 verbal trespass warning because of a Regulation 110.010 violation or because Plaintiff was found to have assaulted Defendant Monteer, such disagreement is not a basis for denying summary judgment to Defendants because re-litigation of that issue is in effect a collateral attack on the prior finding of guilt for assault.

Casting further doubt on whether Defendants ever applied Regulation 110.010 to Plaintiff, are other relevant campus-specific policies. Defendants reference University of Missouri-Columbia Policy 6:050, which lists many specific sites on the University's campus available to non-university affiliates to host expressive events. The same policy also lists certain areas of campus that remain unavailable to reserve for any group, regardless of university affiliation. Policy 6:050 also indicates that "the University reserves the right to deny the use of its facilities to any non-University organization or individual seeking to rent or use University facilities and grounds." Moreover, Policy 6:054 specifically allows for distribution of non-university affiliated materials outside buildings when: those materials do not imply a university affiliation; are otherwise lawful; and are not left in unattended piles for collection. The Campus Free Speech Guideline adopted by the University of Missouri-St. Louis specifically designates outdoor areas of campus as traditional

14

public fora, available to any non-university affiliate to engage in expressive conduct, assuming compliance with what appear to be several time, place, and manner restrictions. Missouri S&T Policy No. III-50 is substantially similar to University of Missouri-Columbia Policy 6:050 and provides some guidance as to how those unaffiliated with the University may use Missouri S&T facilities to engage in expressive conduct. Plaintiff is correct that the presence of other relevant policies that may prove constitutional does not render lawful otherwise unconstitutional policies. Collectively, however, these policies demonstrate various sources of authority guide university management of free speech on campus. This in turn supports that Plaintiff has not sufficiently demonstrated Defendants have acted to enforce against Plaintiff Regulation 110.010, the specific policy Plaintiff has chosen to challenge as unconstitutional.[2]

## CONCLUSION

For foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**Dated: August 24, 2023**　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Douglas Harpool**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[2] Defendants also argued they are entitled to summary judgment on the basis of Eleventh Amendment and qualified immunity. Because Plaintiff lacks standing to bring his constitutional challenges, however, this Court declines to consider Defendants' alternative arguments.